## Newt and Emmett Fornash v. Commonwealth.

(Decided December 21, 1923.)

### Appeal from Grant Circuit Court.

1.  Criminal Law—Credibility of Witnesses Essentially for Jury.—The credibility of the testimony of a witness is essentially for the jury.

2.  Searches and Seizures—Objection of Duplicity Does Not Apply to Affidavit for Search Warrant.—The objection of duplicity does not apply to an affidavit for a search warrant.

3.  Criminal Law—No Complaint of Evidence, in Absence of Objection.—Accused cannot complain on appeal of introduction of evidence to which no objection was made.

4.  Criminal Law—Testimony as to Possession of Liquor Admissible in Prosecution for Manufacture.—In a prosecution for manufacture of intoxicating liquors, testimony by witness that she saw a still in possession of defendants, and also their possession of whiskey that they were bottling, held not objectionable as proving different offense from that for which defendants were tried, since the fact testified to had a tendency to prove the charge in the indictment.

5.  Intoxicating Liquors—Evidence Sufficient to Authorize Conviction for Manufacture.—In a prosecution for unlawfully manufacturing intoxicating liquors, evidence held sufficient to sustain a conviction.

J. J. BLACKBURN for appellants.

THOS. B. McGREGOR, Attorney General, and LILBURN PHELPS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

The appellants, Newt and Emmett Fornash, are father and son and live together in the same house in

Grant county. They were jointly indicted by the grand
jury of that county and accused of unlawfully manufac-
turing spirituous, vinous and malt liquors, and upon
their trial they were each convicted. Their motion for a
new trial was overruled and from the judgment pro-
nounced on the verdict they have appealed and through
their counsel insist that the evidence was insufficient to
sustain the conviction.

A witness for the Commonwealth, Bertha Lowe Bil-
liter, testified that a short while prior to November 11,
1922, and before she married, she received information
that appellants were manufacturing whiskey, and on the
night of that day she travelled from her residence, about
six miles, to that of defendants, having heard that they
intended to bottle some of their product that night; that
on arriving at their home she concealed herself and went
to the window on the outside and saw appellants engaged
in bottling a white fluid in different sized bottles, taking
it from a large can or container; that she saw a still in
the corner of the room including the coil, and, from her
description, almost everything necessary to manufacture
whiskey; that two days thereafter she went to Williams-
town and made an affidavit for a search warrant for the
premises of appellant. A warrant was issued and placed
in the hands of the sheriff of the county, who with two
deputies executed it on that night by making a search as
therein directed. They all testified that they found in
the attic of the residence some three or four empty bar-
rels strongly inoculated with the odor of mash or beer
from which whiskey is manufactured. They also found
behind the door in the living room a covered barrel con-
taining fifty-five gallons of mash made of yellow corn and
it was fermented, and which strongly issued the odor of
alcohol. In the kitchen they found another barrel con-
taining the same material, but it was only about two-
thirds full. In the pantry of the residence they found
a half barrel of yeast cakes with water, and in the corn
crib they found a keg of mash without any water in it.
They stated that defendants said that they were making
some kind of home brew with the discovered articles,
but Emmett Fornash, who testified in the case (his
father not doing so), said at the trial that they were all
ingredients of slop being prepared for the hogs. There
were other minor facts and circumstances which, to say
the least, furnished a strong suspicion of the guilt of de-

fendants.   The brief of counsel manifects much chagrin and disappointment at the verdict, and characterizes the trial as a ''comedy of errors,'' and that ''it would have been just as well to have turned the defendants over to the hounds and the mob;'' but the brief is barren of any convincing argument for such conclusions, since we have searched the record in vain to find any legally substantiating grounds therefor.

It is insisted that the testimony of Mrs. Billiter is so improbable as to be unbelievable, but her reputation is not attacked and the credibility of her testimony was essentially for the jury.   It is also insisted that the affidavit for the search warrant stated more than one offense against defendants; but it is not to be measured by the same rules by which the validity of indictments is tested, and therefore the objection of duplicity does not apply to it.   The duplicity complained of in the affidavit consisted in the affiant stating therein that she saw the still in possession of appellants and also their possession of the whiskey that they were bottling, and it is complained that in giving the same testimony on the trial the court erroneously permitted proof of a different offense from that for which appellants were tried, and for that reason the judgment should be reversed.   That contention may be answered in more ways than one; in the first place there was no objection to the testimony, and, in the second place, if there had been it would have been unavailing, since the fact under the surroundings as detailed by the witness was a germane circumstance having a tendency to prove the charge in the indictment, which, with the immediate presence of the still in defendants' residence, as testified to by the witness, would authorize the jury to infer the guilt of appellants of the offense with which they were charged.

The affidavit and search warrant were each introduced and they completely measured up to the requirements of the law, thus removing any objections to the competency of the testimony of the officers as to their discoveries in executing the warrant.   It is true they did not find a still in the possession of appellants, nor discovered them operating one, yet they found in their possession most everything essential in manufacturing whiskey, except the still itself, and the given explanation by appellants for having those articles in their posses-

sion is so weak and incredible as to inspire the belief in their guilt rather than in their innocence.

Upon the whole case we entertain no doubt as to the sufficiency of the evidence to sustain the verdict, and finding no error authorizing us to disturb the judgment, it is accordingly affirmed.